**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT S. MUELLER III ) | |
| Special Counsel ) | |
| U.S. Department of Justice ) | |
| 950 Pennsylvania Ave., N.W., Rm. B-103 ) | |
| Washington, D.C. 20530, ) | |
| ) | |
| and ) | Civ. Action No. 1:18-cv-00088 (ES) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| 950 Pennsylvania Ave., N.W. ) | |
| Washington, D.C. 20530, ) | |
| ) | |
| and ) | |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION ) | |
| 170 Marcel Drive ) | |
| Winchester, VA 22602, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER**

Defendants, Special Counsel Robert S. Mueller III, sued in his official capacity; the U.S. Department of Justice ("DOJ"); and the Federal Bureau of Investigation ("FBI") (together, "Defendants"), by and through their undersigned counsel, hereby answer the unnumbered introductory paragraph, the separately numbered paragraphs, and the prayer for relief contained in the Complaint filed by Plaintiff Freedom Watch, Inc., and for their Answer state as follows:

The introductory paragraph is admitted insofar as it alleges that Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

1. Paragraph 1 states a conclusion of law, to which no response is required.

2. Paragraph 2 states a conclusion of law, to which no response is required.

3. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.

4. Paragraph 4 is admitted insofar as it alleges that Robert S. Mueller III was appointed Special Counsel on May 17, 2017.  The Special Counsel's mandate is set forth in Order No. 3915-2017, executed by Rod J. Rosenstein in his capacity as Acting Attorney General on May 17, 2017, and attached hereto as Exhibit A.

5. The first sentence of paragraph 5 is admitted.  The second sentence of paragraph 5 states a conclusion of law, to which no response is required.

6. The first sentence of paragraph 6 is denied insofar as it alleges that the FBI is an "agency" within the meaning of the FOIA.  The second sentence of paragraph 6 states a conclusion of law, to which no response is required.

7. Defendants admit that Plaintiff submitted FOIA requests to Defendants by facsimile, Federal Express, and U.S. postal mail.  The remainder of paragraph 7 consist of Plaintiff's characterization of those FOIA requests.  Defendants deny any characterization of the FOIA requests, which speak for themselves, and respectfully refer the Court to the FOIA requests for a complete and accurate statement of their contents.

8. The allegations contained in paragraph 8 are conclusions of law, to which no response is required.

9. Paragraph 9 is admitted only insofar as it alleges that Defendants had not determined as of the date of the Complaint whether they had in their custody any non-exempt, responsive records subject to the FOIA and had neither communicated with Plaintiff about the timing of any production nor produced any records to Plaintiff. Defendants specifically deny that they acted in bad faith. On January 23, 2018, the FBI informed Plaintiff's counsel that his request for expedition has been granted. *See* Exhibit B. On February 13, 2018, the FOIA/PA Unit at DOJ's Criminal Division informed Plaintiff's counsel that his request relates to records maintained by the DOJ Office of Public Affairs and that the DOJ Office of Information Policy, which also received the request, handles initial requests on behalf of the Office of Public Affairs. *See* Exhibit C. On February 20, 2018, the Office of Information Policy informed Plaintiff's counsel that his request for expedition has been granted by the Office of Public Affairs and the Special Counsel's Office. *See* Exhibit D.

10. Defendants restate their responses to paragraphs 1–9 of the Complaint.

11. Paragraph 11 states a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

12. Paragraph 12 states a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 concerning Plaintiff's organizational goals and efforts. Defendants admit that Plaintiff has requested a fee waiver and further aver that Defendants have not yet made a determination as to that request.

The remaining unnumbered paragraph constitutes a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

Defendants deny each and every allegation in the Complaint not expressly admitted or denied herein.

## DEFENSES

1. Robert S. Mueller III and the FBI are not "agencies" within the meaning of the FOIA, 5 U.S.C. § 552(f)(1), and thus are not proper party defendants.

2. Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

3. Plaintiff is not entitled to compel production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA.

4. Defendants have exercised due diligence in processing Plaintiff's FOIA requests, but exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

WHEREFORE, having fully answered, Defendants pray:

1. That this Court enter judgment for Defendants and dismiss this action with prejudice; and

2. That Defendants be granted such further relief as the Court deems just and proper.

Dated: February 20, 2018                    Respectfully submitted,

                                                        CHAD A. READLER
                                                        Acting Assistant Attorney General

                                                        ELIZABETH J. SHAPIRO
                                                       Deputy Director, Federal Programs Branch

*/s/ Joseph C. Dugan*
JOSEPH C. DUGAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Rm. 7225
Washington, D.C. 20530
Tel.: (202) 514-3259
Fax: (202) 616-8470
E-mail: Joseph.Dugan@usdoj.gov
*Attorneys for Defendants*