# Exhibit C

*Freedom Watch, Inc. v. Mueller, et al.*,
No. 1:18-cv-00088 (ES)

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT S. MUELLER III )<br>Special Counsel )<br>U.S. Department of Justice )<br>950 Pennsylvania Ave., N.W., Rm. B-103 )<br>Washington, D.C. 20530, )<br>)<br>and )<br>)<br>U.S. DEPARTMENT OF JUSTICE )<br>950 Pennsylvania Ave., N.W. )<br>Washington, D.C. 20530, )<br>)<br>and )<br>)<br>FEDERAL BUREAU OF )<br>INVESTIGATION )<br>170 Marcel Drive )<br>Winchester, VA 22602, )<br>)<br>Defendants. )<br>_____) | Civ. Action No. 1:18-cv-00088 (ES) |

## **DECLARATION OF DANIEL R. CASTELLANO**

I, Daniel R. Castellano, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ). In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests processed by the Initial Request Staff (IR Staff) of OIP that are in litigation. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General (OAG), Deputy Attorney General

1

(ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).  As necessary, and as especially relevant in this case, OIP also processes FOIA requests made to DOJ's Special Counsel's Office (SCO).  The IR Staff determines whether records responsive to FOIA requests exist and, if so, whether they can be released in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice, as well as with other Executive Branch agencies.

2. I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.

3. The purpose of this declaration is to respond to Plaintiff's Motion for Summary Judgment, dated March 23, 2018, requesting that the Court order Defendants to process Plaintiff's expedited FOIA request and produce responsive documents within ten days.  See Motion for Summary Judgment, ECF No. 10.

4. This declaration provides the basis for DOJ's conclusion that Plaintiff's requested production deadline would be exceedingly burdensome and not feasible to adhere to without both compromising OIP's ability to meet existing litigation deadlines and directly disadvantaging other requesters.  For the reasons set forth below, OIP simply does not currently maintain the resources to achieve Plaintiff's proposed ten-day deadline without adversely impacting other requesters, including those granted expedited processing, and cases in litigation.

### OIP Receipt of Plaintiff's FOIA Request

5. By letter submitted via facsimile, dated January 2, 2018, Plaintiff submitted a FOIA request to OIP seeking records that refer or relate to "communications to and from the media, domestic and foreign, concerning the activities of Special Counsel Robert Mueller and/or his

staff as well as the Federal Bureau of Investigation, concerning the investigation of alleged Russian collusion and related matters concerning the Trump Presidential Campaign and the Trump Transition Team with the print, internet, social media and radio and television networks." Plaintiff also requested expedited processing of this FOIA request. A copy of Plaintiff's FOIA request, dated January 2, 2018, is attached hereto as Exhibit A.

6. On January 15, 2018, Plaintiff filed suit. See Complaint, ECF No. 1.

7. By letter dated February 20, 2018, OIP acknowledged Plaintiff's FOIA request, assigning it OIP tracking number DOJ–2018-001793 (OIP) and DOJ-2018-002230 (PAO), and informed Plaintiff that its request for expedited processing had been granted. In this acknowledgement letter, OIP further advised Plaintiff that its FOIA request had been placed in OIP's expedited processing track. A copy of OIP's acknowledgement letter, dated February 20, 2018, is attached hereto as Exhibit B.

## OIP's FOIA Obligations

8. OIP's FOIA caseload has dramatically increased over the past two years. OIP received about 1,800 FOIA requests in Fiscal Year 2016 and about 2,800 FOIA requests in Fiscal Year 2017. As of April 4, 2018, OIP has received more than 1,400 requests, which puts OIP on pace to have another fiscal year with significantly more incoming requests than its historical average of about 1,200 per fiscal year.[1] As of the date of this Declaration, OIP has 155 pending FOIA requests in the expedited track. Additionally, OIP is currently engaged in seventy-four ongoing FOIA litigation matters, which is nearly twice as many ongoing FOIA litigation matters as last year at this time. Many of the FOIA litigation matters involve document production schedules and court-ordered deadlines.

---

[1] This average was calculated from posted annual report data for Fiscal Years 1998 through 2017, available at https://www.justice.gov/oip/reports-1.

9. Because of this significant recent surge in both FOIA requests and litigation matters, as well as the dramatic increase of requests which have qualified for placement into the expedited processing track, OIP is under significant strain as its FOIA processing staff, which currently consists of nine employees, struggle to keep up with this notably increased workload.

### OIP's Processing of FOIA Requests

10. As noted in paragraph 1 above, OIP processes FOIA requests on behalf of itself and six senior leadership offices of the Department of Justice, as well as the SCO.

11. Incoming FOIA requests are assigned to a Government Information Specialist (GIS) or Attorney-Advisor who gathers potentially responsive documents and coordinates their review. OIP makes determinations upon receipt of a FOIA request, as to both the appropriate senior leadership office(s) in which to conduct initial records searches and the records repositories and search methods to use in conducting records searches on behalf of the designated senior leadership offices. Assessments of where responsive records are likely maintained are based on a review of the content of the request itself and the nature of the records sought therein, as well as our familiarity with the types and location of records that each senior leadership office maintains, discussions with knowledgeable personnel in the senior leadership offices, and any research that OIP staff may conduct on the topic of the request. When searching the records of leadership office custodians identified as having potentially responsive material, OIP staff employ any one of a variety of search methods, or a combination of methods, depending on a number of factors, including the type of records systems implicated in the search. Potentially responsive records may be located in e-mail systems, computer hard drives, and/or hard copy (paper) files.

12. If a FOIA request enters litigation and it is not already being handled by an Attorney-Advisor, it is then transferred to an Attorney-Advisor, who is responsible for reviewing and processing records, as well as coordinating responses to meet litigation deadlines. Once the GIS has collected all potentially responsive documents, the GIS or Attorney-Advisor will coordinate the review process conducted by the appropriate reviewer or senior attorney.

13. OIP employs a dual-level review in processing most FOIA requests to ensure that all information that must be protected is properly withheld and that all information that can be, or must be, released is handled appropriately. Regarding FOIA requests in litigation, the Attorney-Advisor assigned to the matter conducts an initial review of each document. Next, a senior attorney, who has significant experience with both the FOIA and the particular policies and procedures necessary to process such requests in litigation, and on behalf of senior leadership, performs an additional quality assurance review.

14. Following review by a senior attorney, all necessary consultations with other equity-holders are conducted in order to comply with Department regulations regarding the need to consult with other offices on information appearing within the documents at issue. See 28 C.F.R. § 16.4(d)(1) (2017). All consultation responses must be analyzed, de-conflicted, and reconciled, which is a process that often involves further engagement with consulting entities and high-level internal review. OIP must necessarily complete all consultations prior to providing any final response to a Plaintiff/Requester.

15. Prior to releasing any records to a Plaintiff/Requester, OIP fully reviews all final disclosure determinations, ensuring that information that must be protected is properly withheld pursuant to the FOIA and that all information that can be released is provided accordingly.

**Expedited Processing**

16. OIP processes FOIA requests on a first-in, first-out basis within each of its three request tracks (expedited, simple, and complex). As of January 2, 2018, the date that Plaintiff submitted its FOIA request, OIP was processing 164 requests on an expedited basis. As a practical matter, this multitrack approach does not mean that OIP processes each request to completion one at a time, but rather, at each step of the search and review process the requests in a given track are prioritized on a first-in, first-out basis. Accordingly, OIP is processing Plaintiff's request, within each phase of the review process, behind the other requests already being processed within the expedited track. The subjects of the other expedited requests include similarly high-profile topics as Plaintiff's request that are of great interest to the public, including, but not limited to: Executive Order 13,768 (concerning travel); alleged contacts between Russia and the Trump campaign or Trump Administration; former FBI Director Comey's testimony; former Secretary of State Hillary Clinton's alleged influence on the sale of Uranium One; the Presidential Advisory Commission on Election Integrity; alleged gun lobby influence on the Trump Administration; and the Trump Administration's alleged report on the use of lethal force. Notably, many of the expedited requests ahead of Plaintiff's request in line were filed by public advocacy groups similar to Plaintiff, who are also seeking records to satisfy the strong public interest in the matters at hand.

17. During the first half of Fiscal Year 2018, OIP's search time for expedited requests has averaged about three to five months.

### OIP's Processing of Plaintiff's FOIA Request

18. OIP has been working diligently to provide a final response to Plaintiff's FOIA request as soon as practicable. As explained above, OIP advised Plaintiff on February 20, 2018

6

that its request for expedition was granted, and assigned its FOIA request to the expedited processing track.  OIP's searches of PAO and SCO records remain ongoing, and OIP is not yet in a position to estimate the number of potentially responsive records that may need to be processed in this case.  OIP does anticipate completing its search by the end of April 2018, consistent with the Court's Minute Order of April 2, 2018.

19.  It is likely that many, if not all, of the responsive records will require consultations with other entities to comply with Department regulations requiring consultations with other offices on information appearing within the documents at issue.  See 28 C.F.R. § 16.4(d)(1) (2017).  Those consultations will necessarily take time.

20.  OIP has been processing and continues to process Plaintiff's FOIA request as quickly and efficiently as practicable.  For the reasons discussed above, it would be unduly burdensome and infeasible for OIP to produce responsive records within ten days, as Plaintiff has demanded.  Given OIP's available resources, the estimated time necessary to complete the review of records at issue in Plaintiff's FOIA request, and OIP's other FOIA obligations, OIP anticipates that it can complete its search for potentially responsive records by April 30, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

*Daniel Castellano*

       Daniel R. Castellano
       Senior Attorney

Executed this 6th day of April 2018.

# Exhibit A

# FAX COVER SHEET

| TO | Laurie Day |
|---|---|
| COMPANY | Office of Information Policy |
| FAX NUMBER | 12025141009 |
| FROM | Larry Klayman |
| DATE | 2018-01-03 00:29:25 GMT |
| RE | Freedom of Information Act Request |

## COVER MESSAGE

Attached is a request made under the Freedom of Information Act by Freedom Watch, Inc., through its chairman and general counsel, Larry Klayman. The request is eight (8) pages in length, including one exhibit labeled as "Exhibit A."

RECEIVED

JAN 03 2018

Office of Information Policy



# FREEDOM WATCH
www.FreedomWatchUSA.org

World Headquarters 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811 ⋅ (310) 595-0800 ⋅ leklayman@gmail.com

January 2, 2018

VIA FASCIMILE, FEDEX AND MAIL

Robert Mueller, Esq.
Special Counsel
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Suite 3266
Washington, D.C. 20530

Laurie Day
Chief, Initial Request Staff
Office of Information Policy
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, DC 20530-0001
Fax: (202) 514-1009

FOIA/PA Mail Referral Unit
U.S. Department of Justice
LOC Building, Room 115
Washington, DC 20530-0001
Fax: (202) 616-6695

Ms. Amanda Marchand Jones
Chief, FOIA/PA Unit
Criminal Division
U.S. Department of Justice
Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
Fax: (202) 514-6617

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA, 22602
Fax: (540) 868-4391

Freedom of Information Act Request: Robert Mueller News Contacts        Page | 2

Re:     Freedom of Information Act Request

Dear Ladies and Gentlemen:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and regulations promulgated thereunder, we hereby request from the Office of Special Counsel Robert Mueller, the U.S. Department of Justice (DOJ) upon which his authority and mandate rests and depends, and DOJ's Federal Bureau of Investigation, any and all documents that refer or relate in any way to the specific request set forth below.

Freedom Watch requests expedited processing of this request pursuant to 28 C.F.R. § 16.5 (e) of the regulations governing the the requestees' operations because time is of the essence in the events at issue for public knowledge of the nation's citizens.

Freedom Watch requests that you provide the requested documents within ten (10) calendar days of receipt of this request.

## FREEDOM OF INFORMATION REQUESTS

For the purpose of this Freedom of Information Act Request (FOIA Request), you must consider and comply with this request in good faith and in a timely matter. Please note that a document that has been altered with the addition of handwritten notes or other information added is not the same document as the unaltered original.

### Definitions

For the purpose of this FOIA request the term "document" is hereby defined expansively to include any or all of the following, whether existing as electronic, digital, or computer data, in electronic or digital form, or in paper form: correspondence, letters, memoranda, recommendations, records, orders, plans, proposals, meeting agendas, minutes of meetings, briefing materials, progress reports, weekly reports, talking points, briefing papers, requests for action, telephone logs, telephone message books, notes of phone messages or visits, routing slips, buck slips, standard government forms containing information filled in on lines or blank spaces, slide presentations, "card decks" (for presentations at meetings), power-point presentations, facsimiles (faxes), notes, handwritten notes, notes to the file, requests for decision, requests for authorization, tape recordings, video recordings, electronic mail (email) messages, summaries, briefs, orders, written decisions, applications, , and/or other documents and things. In addition, with regard to payments to persons or vendors, documents also include all invoices, bills, contracting records, commitment of funds, obligation of funds, or disbursement records.

For the purposes of this FOIA request, you are to search and produce any responsive documents or records that are within the U.S. Department of Justice's possession, custody, or control regardless of who authored or created the document or record.

For the purposes of this FOIA request, the term "communication" includes any form of communication, such as by letter, by facsimile, by note, by telephone text message, by electronic mail (email), computer messaging service, or by any other means.

The time period for records that we request is records created on or after July 1, 2015, through December 31, 2017.

For identification purposes, the Robert Mueller referred to herein is also known as Robert Swan Mueller III, an American lawyer who was the sixth Director of the Federal Bureau of Investigation, serving from September 4, 2001, to September 4, 2013, and was appointed a Special Counsel on or about May 17, 2017. For ease of your reference, a copy of Robert Mueller's appointment is attached as Exhibit A.

## Requests

Request #1    Any and all documents and records as defined and set forth above that refer or relate with regard to communications to and from the media, domestic and foreign, concerning the activities of Special Counsel Robert Mueller and/or his staff as well as the Federal Bureau of Investigation, concerning the investigation of alleged Russian collusion and related matters concerning the Trump Presidential Campaign and the Trump Transition Team with the print, internet, social media and radio and television networks including but not limited to: New York Times, The Washington Post, Los Angeles Times, Politico, The Daily Beast, Slate, Huffington Post, Associated Press, Reuters, MSNBC, NBC, ABC, CBS, CNN, The Hill, Mother Jones, New Republic, McClatchy, and any other media outlets, where they be print, radio, social media television or other media.

## **LEGAL GUIDELINES**

In accordance with FOIA and its regulations, policies and precedents directing that the FOIA focuses on information, not only documents, we request maximum disclosure of information and documents, including any segregable portions of documents if some portions are withheld due to a claim of privilege or exemption.

If any documents are withheld subject to any claim of privilege or exemption, we request complete information about each document withheld, including which paragraph of the request to which the document is responsive; the author and title of the document; an explanation of the applicability of the claimed exemption to the contents of the document; and the name and title of each person responsible for the denial.

Freedom of Information Act Request: Robert Mueller News Contacts                                Page | 4

Furthermore, as to any claim that documents will be withheld on the basis of any deliberative process privilege we draw your attention to the legal requirements that the deliberative process exemption does <u>not</u> permit withholding of --

(a) facts which are segregable from deliberations
(b) opinions about such facts which merely convey or further describe factual information;
(c) any deliberations unrelated to any actual decision;
(d) any deliberations in areas where there are allegations of governmental misconduct, and
(e) deliberations, opinions, or recommendations that are incorporated into a final decision and/or which serve to explain a final decision by the government.

We therefore demand production of all documents in unredacted form notwithstanding any possible claim of the deliberative process exemption or any other claimed exemption.

## REQUEST FOR FEE WAIVER

The requesters also respectfully request a blanket fee waiver on behalf of the public interest, to which it is entitled under 5 U.S.C. § 552(a)(4)(A); *see also, Larson v. Central Intelligence Agency*, 843 F.2d 1482, 1483 (D.C. Cir. 1988); *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989); *see also, Judicial Watch, Inc. v. United States Dep't. of Commerce*, No. 95-0133 (D.D.C. May 16, 1995) (order granting Judicial Watch USA, Inc.'s request for fee waiver with regard to all responsive documents in proceeding).

Requester Freedom Watch USA, Inc. is a non-profit, non-partisan, tax-exempt 501(c)(3) organization which as a public interest organization which specializes in deterring, monitoring, uncovering, and addressing public corruption in government. Freedom Watch USA has and will hold Republicans, Democrats, and Independents equally accountable to ethical and legal standards for honest and open government. It disseminates information, as is its mission, to the public through its website at www.freedomwatchusa.org, press releases, seminars and speeches, the radio show of its chairman and general counsel, Larry Klayman (see www.radioamerica.org or www.freedomwatchusa.org), You Tube, Roku, Amazon Fire, Twitter, and appearances on other radio shows and cable news networks such as Fox News, One America Network, i 24, and Newsmax.com. Freedom Watch's chairman and general counsel, Larry Klayman, also has published a weekly column at www.wnd.com and has a blog named "Klayman's Court" at Newsmax.com, among other forms of public dissemination of information to educate the citizenry.

The requesters have no commercial purpose as a 501(c)(3) non-profit organization organized exclusively to improve the ethical and legal standards in government, accountability of government officials to the rule of law, and public understanding of government operations.

Freedom of Information Act Request: Robert Mueller News Contacts　　Page | 5

Freedom Watch thus will also use the requested material to promote accountable government as a representative of the news media and the public in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(II) and *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989), by disseminating relevant information which may be uncovered. Information will benefit the public by identifying areas for future reform as well as deterring future abuses that could otherwise proliferate without scrutiny.

The subject of this request is information concerning the operations and activities of the government. Past experience of demonstrates the success of Freedom Watch in uncovering important facts about government activities, integrity and operations, of broad concern to the public. This request is likely to "contribute significantly" to the public's understanding of the operations of their government, satisfying the requirements of FOIA fee waiver provisions.

Immediate release of the requested information is in the public interest, including for promoting confidence in an honest democratic system, and furthering the integrity of the American national government by deterring and/or sanctioning corrupt activities. The failure to do so will likely result in the further compromise of important interests of the American people.

## REQUEST FOR EXPEDITED PROCESSING

Freedom Watch hereby requests expedited processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)(I), as there is a compelling need for this information and time is truly of the essence in this matter. See *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976) (holding that requests that involved a far greater degree of urgency than others should be processed out of turn).

This request is extremely urgent, as the investigation by Special Counsel Robert Mueller is currently ongoing, and there are new leaks emerging from his office nearly every single day, which is harming the reputation and livelihoods of a number of people that are under investigation and, as importantly, as well as the reputation, integrity and the public's trust of the justice system. The American people therefore need this information urgently, and given Freedom Watch's role in disseminating information, as set forth above, expedited processing of this instant request is the best avenue for the release of this information to the masses and citizenry. Particularly since Special Counsel Robert Mueller has assembled a large team and spent nearly $7 million in the first five months, there is therefore no reason that they cannot produce the requested documentation within 10 calendar days, and it is clear that there is no reason for delay particularly since the DOJ and its Federal Bureau of Investigation have literally thousands of employees and have claimed a high priority to expediting the conclusion of Special Counsel Mueller's investigation in the nation's interest.

In sum, there is therefore a great urgency to inform the public, pursuant to *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001) and relevant regulations, policies and case

To: Laurie Day    Page 7 of 9    Case 1:18-cv-00088-EGS    Document 12-4    Filed 04/06/18    Page 16 of 19    2023789289    From: Larry Klayman

Freedom of Information Act Request: Robert Mueller News Contacts                                          Page | 6

law, as the request clearly concerns a matter of current exigency to the American public. Special Counsel Mueller's investigation is ongoing, and is being conducted using a significant amount of taxpayer money. The information and documents sought needs to be presented and disseminated to the public forthwith. Any delay would further damage the reputations of the people under investigation and, as importantly, the remaining confidence that the American people have in the justice system.

Pursuant to U.S.C. §552(a)(6)(E), the foregoing is true and correct to the best of Freedom Watch's knowledge and belief.

Sincerely,

Larry Klayman, Esq.
Freedom Watch, Inc.
2020 Pennsylvania Ave, N.W., Suite 345
Washington, D.C. 20006
Tel: 310 595 0800
leklayman@gmail.com

Chairman and General Counsel

PLEASE SEND TRUE COPIES OF THE REQUESTED DOCUMENTS WITH 10 CALENDAR DAYS BY EXPRESS MAIL, AS DEFINED HEREIN, TO THE ABOVE ADDRESS.



**Office of the Deputy Attorney General**
Washington, D.C. 20530

ORDER NO. 3915-2017

APPOINTMENT OF SPECIAL COUNSEL
TO INVESTIGATE RUSSIAN INTERFERENCE WITH THE
2016 PRESIDENTIAL ELECTION AND RELATED MATTERS

By virtue of the authority vested in me as Acting Attorney General, including 28 U.S.C. §§ 509, 510, and 515, in order to discharge my responsibility to provide supervision and management of the Department of Justice, and to ensure a full and thorough investigation of the Russian government's efforts to interfere in the 2016 presidential election, I hereby order as follows:

(a) Robert S. Mueller III is appointed to serve as Special Counsel for the United States Department of Justice.

(b) The Special Counsel is authorized to conduct the investigation confirmed by then-FBI Director James B. Comey in testimony before the House Permanent Select Committee on Intelligence on March 20, 2017, including:

    (i) any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and

    (ii) any matters that arose or may arise directly from the investigation; and

    (iii) any other matters within the scope of 28 C.F.R. § 600.4(a).

(c) If the Special Counsel believes it is necessary and appropriate, the Special Counsel is authorized to prosecute federal crimes arising from the investigation of these matters.

(d) Sections 600.4 through 600.10 of Title 28 of the Code of Federal Regulations are applicable to the Special Counsel.

_5/17/17_
Date

Rod J. Rosenstein
Acting Attorney General

# Exhibit B



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

February 20, 2018

Mr. Larry Klayman
Freedom Watch, Inc.
Suite 345                                              Re:    DOJ-2018-001793 (OIP)
2020 Pennsylvania Avenue NW                                   DOJ-2018-002230 (PAO)
Washington, DC  20006                                         1:18-cv-00088
leklayman@gmail.com                                           DRC:JRS

Dear Mr. Klayman:

      This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated January 2, 2018 and received in this Office on January 3, 2018 in which you requested communications with the media concerning the investigation and activities of Special Counsel Robert Mueller.  This response is made on behalf of the Office of Public Affairs and the Special Counsel's Office.

      You have requested expedited processing of your request and I have determined that your request for expedited processing should be granted.  Your request has been assigned to the expedited track and will be processed as soon as practicable.  We have not yet made a decision on your request for a fee waiver.  We will do so after we determine whether fees will be assessed for this request.

      If you have any questions regarding this response, please contact Joseph Dugan of the Department's Civil Division, Federal Programs Branch, at (202) 514-3259.

Sincerely,

Daniel Castellano

Daniel R. Castellano
Senior Attorney