# *Freedom Watch, Inc. v. Mueller*, No. 18-088 (D.D.C.)

# Status Report:  Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. Action No. 1:18-cv-00088 (ES) |
| | ) |
| ROBERT S. MUELLER III | ) |
| Special Counsel | ) |
| | ) |
| and | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE | ) |
| | ) |
| and | ) |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| | ) |
| Defendants. | ) |
| _____ ) | |

## DECLARATION OF JOSEPH F. KLIMAVICZ

I, Joseph F. Klimavicz, declare the following to be true and correct:

1.  I am the Chief Information Officer for the United States Department of Justice (DOJ or "the Department"). In this capacity, I direct the Office of the Chief Information Officer and have the responsibility for the Department's information technology (IT) programmatic policies, procedures, services, and operations. Relative to this Declaration, the Justice Management Division, Office of the Chief Information Officer (JMD/OCIO) provides IT services and operations for the Office of Information Policy (OIP) that include the capture and functions associated with retention of departmental email, as well as certain services for email search requests.

2.  I make the statements herein on the basis of personal knowledge, and on information acquired by me in the course of performing my official duties, including information provided to me by other knowledgeable personnel within the Department.

3.  I provide this Declaration in support of Defendants' September 26, 2018, Status Report.  This

1



Declaration supplements my earlier Declaration in this matter, which I executed on August 29,

2018, *see* ECF No. 20–3.

4. JMD/OCIO conducts OIP's email and other electronic records searches using an application known

as Veritas eDiscovery. This application searches through the repositories of records housed in other

applications for a given records custodian's email collection and electronic computer files to isolate

potentially responsive records within each custodian's collection of digital records. Because of the

highly technical nature of these searches, a specialized search support team in JMD/OCIO ("the

JMD Ediscovery Team") conducts these searches using search parameters provided by OIP staff.

The search requested by OIP and conducted by the JMD Ediscovery Team in response to Plaintiff's

FOIA request included, among other search repositories/methods, email searches of records

custodians at the DOJ Special Counsel's Office ("SCO") and the DOJ Office of Public Affairs

("PAO") using the applications and processes referenced above.

5. Earlier this summer, the JMD Ediscovery Team became aware of two discrete technical issues that

have affected email searches. As discussed below, one technical issue concerns the export of

certain email records from the Department's cloud-based email system to its records repository.

JMD/OCIO is addressing that issue on a case-by-case basis through remedial search efforts. The

second technical issue impacts JMD/OCIO's ability to search its records repository. That problem

remains unresolved: however, as further discussed below, JMD/OCIO has adopted an interim

solution that allows it to conduct some searches even as it works to restore the repository's

functionality.

### Technical Issue Concerning Export of Email Records to Records Repository

6. Prior to January 2017, DOJ's senior leadership offices sent and received email through Microsoft

Exchange *via* the Microsoft Outlook email application hosted locally in a DOJ datacenter. Such

email was stored, for recordkeeping purposes in accordance with records retention schedules, in an

2

archiving database called Veritas Enterprise Vault (EV).

7.  In January 2017, JMD/OCIO undertook the process of migrating email for a number of

    components within the Department onto Microsoft Office 365, a cloud-based system. Among the

    components included in the migration project were those offices for which OIP processes FOIA

    requests.[1] During this migration process, the practice of automating the import of email into EV,

    the records repository, continued. Even after the migration was completed on January 23, 2017, EV

    would continue to serve as JMD/OCIO's archiving database.

8.  During and after the migration, a number of technical issues arose, and JMD/OCIO diligently

    worked to resolve these issues while simultaneously taking appropriate precautions to ensure that

    its ongoing FOIA searches captured all relevant data, including by running duplicate searches

    within EV and Microsoft Office 365.

9.  Projects as large and complex as the migration of the Department's primary email system require

    identifying and resolving technical issues while the migration is underway and even after the

    migration appears to be complete. With respect to this particular migration project, JMD/OCIO

    identified and resolved technical issues that affected user experience, network connectivity, and

    user authentication. By October 2017, the JMD/OCIO technicians believed that all identified

    technical issues had been satisfactorily resolved and the JMD/OCIO technicians had moved into

    the steady state of operations. In light of that belief, the JMD Ediscovery Team began to conduct

    FOIA searches exclusively within EV, as opposed to running duplicate searches in Microsoft

    Office 365, as the process was done during the migration for precautionary purposes.

10. In December 2017, a JMD/OCIO technical team (the "EV technical team"), while engaged in

---

[1] In addition to the SCO and PAO, these offices include the Offices of the Attorney
General, the Deputy Attorney General, the Associate Attorney General, Legal Policy, and
Legislative Affairs.

routine maintenance and support of EV and Microsoft Office 365, discovered a configuration problem. The EV technical team determined that, in certain instances for certain records custodians, not all email had been exported from the new Microsoft Office 365 and imported into EV as a result of a previously undetected configuration issue. The EV technical team promptly repaired the export/import process such that, going forward, all email would be properly archived in EV. However, this repair was prospective only: it did not fill any gaps in EV with respect to records dating back to the January 2017 migration.

11. The EV technical team and the JMD Ediscovery Team are separate teams with different roles, responsibilities, and functions. Because the EV technical team did not understand the search-related consequences of the configuration issue, the EV technical team did not notify the JMD Ediscovery Team about the problem in December 2017. Consequently, the JMD Ediscovery Team continued to conduct FOIA searches on behalf of OIP and other internal clients while unaware of the underlying technical problem.

12. Because the configuration issue only prevented certain email records from populating in EV, the problem was not immediately apparent to the JMD Ediscovery Team or to records custodians. However, in late May 2018, after OIP detected an anomaly in the results of one particular search, the JMD Ediscovery Team realized there were discrepancies between searches of records stored in EV and searches of records on the Microsoft Office 365 platform. The JMD Ediscovery Team consulted with the EV technical team and learned about the configuration issue first discovered by the EV technical team in December 2017.

13. Following these internal consultations, the EV technical team confirmed that the inconsistencies between email stored in EV and email accessible *via* Microsoft Office 365 were attributable to the previously identified configuration issue. The EV technical team developed a remediation plan and brought that plan back to the JMD Ediscovery Team at a meeting in June 2018. Thereafter, the

JMD Ediscovery Team undertook a labor-intensive effort to determine which FOIA requests, custodians, and searches may have been affected by the configuration issue. Once those determinations were made, the EV technical team had to undertake remediation efforts to ensure that email collections for records custodians were consolidated in EV. This further effort would then allow the JMD Ediscovery Team to re-run searches against the full collections of email custodians stored in EV that were affected by these events. JMD/OCIO worked diligently on these tasks throughout the months of June and July 2018 and into August 2018.

14. JMD/OCIO informed OIP about the configuration issue and remediation efforts in July 2018.

15. In late July 2018, JMD/OCIO provided OIP with details regarding FOIA searches possibly affected by the configuration issue. OIP in turn began a review to ascertain which of its FOIA cases were implicated by this list of potentially affected searches. Since that time, JMD/OCIO and OIP engaged, and continue to be engaged, in conversations and coordination on potentially impacted cases and remedial search prioritization.

16. JMD/OCIO first communicated with management at the Federal Programs Branch of the DOJ Civil Division about the configuration issue and remediation efforts in August 2018.

### Technical Issue Concerning Functionality of Records Repository

17. On August 18, 2018, JMD/OCIO began an upgrade of EV to address efficiencies and cloud integration issues. Although a routine upgrade of EV would take approximately forty-eight (48) hours to complete, technical issues unrelated to the migration to Microsoft Office 365 occurred, resulting in the JMD Ediscovery Team's general inability to run searches with EV. That problem has continued up to the present.

18. In response to this secondary problem with EV, and as discussed in my prior Declaration, dated August 29, 2018, JMD/OCIO adopted a two-track approach that involved collaborating with the EV vendor to restore EV's functionality while also using Microsoft Office 365 to process search

queries. Through that interim solution, JMD/OCIO was able to complete its data consolidation and requested searches for this case on September 3, 2018, and it provided the remediated records to OIP.

19. It is my understanding that OIP has conducted an initial review of those remediated records and has determined that additional records should be processed and produced to Plaintiff. It is my further understanding that OIP is presently processing those records for final responsiveness determinations and the application of any FOIA exemptions. JMD/OCIO defers to OIP on the timing of its processing efforts.

I declare under penalty of perjury that the foregoing is true and correct.

Joseph F. Klimavicz
Deputy Assistant Attorney General
Chief Information Officer
U.S. Department of Justice

Executed this 26th day of September, 2018.

6