**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM WATCH, INC.,        ) <br>        ) <br>     Plaintiff,        ) <br>        ) <br>   v.        ) <br>        ) <br> ROBERT S. MUELLER III        ) <br> Special Counsel        ) <br> U.S. Department of Justice        ) <br> 950 Pennsylvania Ave., N.W., Rm. B-103        ) <br> Washington, D.C. 20530,        ) <br>        ) <br>     and        ) <br>        ) <br> U.S. DEPARTMENT OF JUSTICE        ) <br> 950 Pennsylvania Ave., N.W.        ) <br> Washington, D.C. 20530,        ) <br>        ) <br>     and        ) <br>        ) <br> FEDERAL BUREAU OF        ) <br> INVESTIGATION        ) <br> 170 Marcel Drive        ) <br> Winchester, VA 22602,        ) <br>        ) <br>     Defendants.        ) <br> _____ ) | Civ. Action No. 1:18-cv-00088 (ES) |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFF'S RESPONSE TO ORDER OF THE COURT**

Defendants respectfully ask that the Court deny Plaintiff's request for discovery in this matter, because it is premature and unfounded. As the law clearly establishes, discovery in a Freedom of Information Act ("FOIA") matter is not typically available. And Plaintiff here provides no reason to depart from the normal practice in FOIA cases, particularly because Defendants have not yet had the opportunity to justify their searches and withholdings through summary judgment briefing. Even if the Court were to consider

Plaintiff's request now, however, Plaintiff provides no evidence to support its arguments that discovery is necessary, which are based on pure (and unfounded) speculation.

Plaintiff's request for *in camera* review is similarly premature. To the degree this Court believes *in camera* review is appropriate after considering Defendants' summary judgment submissions, it can revisit the issue at that time.

## BACKGROUND

In this case, Plaintiff requested documents and records that

> refer or relate to communications to and from the media . . . concerning the activities of Special Counsel Robert Muller and/or his staff as well as the Federal Bureau of Investigation, concerning the investigation of alleged Russian collusion and related matters concerning the Trump Presidential Campaign and the Trump Transition Team[.]

ECF No. 1. Defendants completed their production of all non-exempt materials responsive to Plaintiff's FOIA request on November 1, 2018. *See* ECF No. 27 at 2.

As ordered by the Court, the parties submitted a joint status report on November 19, 2018 to provide recommendations for further proceedings in this case. ECF No. 27. In that report, Defendants proposed a schedule for briefing on cross motions for summary judgment. Plaintiff did not provide a proposed summary judgment briefing schedule, but rather indicated that it would "be filing a written brief showing that all responsive records have not been produced and that there are numerous unwarranted redactions in what was produced." *Id.* at 1. Plaintiff represented that its forthcoming filing would "also set forth good cause for discovery of the alleged search[.]" Plaintiff takes the position that, "[u]ntil these issues are discovered, summary judgment briefing is unwarranted at this time." *Id.*

By minute order dated November 26, 2018, the Court declined to set a summary judgment schedule and indicated that it "is not inclined to agree with plaintiff that good cause exists for allowing discovery regarding the adequacy of the defendants' search." The

Court, however, allowed Plaintiff to file "a brief, no longer than 8 pages, regarding the proprietary of allowing discovery by no later than December 7, 2018." The Court also directed Defendants to respond to Plaintiff's brief by December 21, 2018. Plaintiff filed its request for discovery or, in the alternative, *in camera* review, on December 4, 2018. ECF No. 29.

## ARGUMENT

The Court should deny Plaintiff's request for discovery. "[D]iscovery is an extraordinary procedure in a FOIA action." *Thomas v. HHS*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008). As courts in this District have has recognized repeatedly, "[d]iscovery is generally inappropriate in a FOIA case." *Brunsillus v. Dep't of Energy*, 514 F. Supp. 2d 30, 36 n.2 (D.D.C. 2007); *see also Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) ("FOIA actions are typically resolved without discovery."). Even though discovery may be available in a FOIA action under some limited circumstances, a decision to permit discovery should be taken only with the benefit of the defendants' summary judgment briefing. Only then can the court determine whether the governments' declarations are sufficient to justify its search and withholdings. And, of course, if those declarations are sufficient, discovery is inappropriate.

> As another court of this District explained in analogous circumstances:
>
> [I]f plaintiff believes that the declarations submitted by [defendant] are inadequate to establish that . . . [defendant] is entitled to summary judgment, [plaintiff] must explain [its] argument in [its] opposition to [defendant's] motion [for summary judgment]. If the Court agrees with plaintiff that [defendant] is not entitled to summary judgment, the Court shall reconsider plaintiff's requests for discovery. However, the Court shall not permit any discovery to be taken until it has considered [defendant's] . . . motion for summary judgment.

*North v. DOJ*, 729 F. Supp. 2d 74, 77-78 (D.D.C. 2010). The course described above—*i.e.*, determining whether discovery is appropriate only *after* considering the defendants'

Court, however, allowed Plaintiff to file "a brief, no longer than 8 pages, regarding the proprietary of allowing discovery by no later than December 7, 2018." The Court also directed Defendants to respond to Plaintiff's brief by December 21, 2018. Plaintiff filed its request for discovery or, in the alternative, *in camera* review, on December 4, 2018. ECF No. 29.

## ARGUMENT

The Court should deny Plaintiff's request for discovery. "[D]iscovery is an extraordinary procedure in a FOIA action." *Thomas v. HHS*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008). As courts in this District have has recognized repeatedly, "[d]iscovery is generally inappropriate in a FOIA case." *Brunsillus v. Dep't of Energy*, 514 F. Supp. 2d 30, 36 n.2 (D.D.C. 2007); *see also Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) ("FOIA actions are typically resolved without discovery."). Even though discovery may be available in a FOIA action under some limited circumstances, a decision to permit discovery should be taken only with the benefit of the defendants' summary judgment briefing. Only then can the court determine whether the governments' declarations are sufficient to justify its search and withholdings. And, of course, if those declarations are sufficient, discovery is inappropriate.

As another court of this District explained in analogous circumstances:

> [I]f plaintiff believes that the declarations submitted by [defendant] are inadequate to establish that . . . [defendant] is entitled to summary judgment, [plaintiff] must explain [its] argument in [its] opposition to [defendant's] motion [for summary judgment]. If the Court agrees with plaintiff that [defendant] is not entitled to summary judgment, the Court shall reconsider plaintiff's requests for discovery. However, the Court shall not permit any discovery to be taken until it has considered [defendant's] . . . motion for summary judgment.

*North v. DOJ*, 729 F. Supp. 2d 74, 77-78 (D.D.C. 2010). The course described above—*i.e.*, determining whether discovery is appropriate only *after* considering the defendants'

summary judgment motion—is the same one followed by multiple other courts in this District.  *See, e.g.*, *Pub. Citizen Health Research Grp. v. FDA*, 997 F. Supp. 56, 72-73 (D.D.C. 1998) ("If a court is satisfied that the affidavits supported by the agency meet the established standards for summary judgment in a FOIA case and that plaintiff has not adequately called these assumptions into question, no factual dispute remains, and discovery is inappropriate."), *rev'd in part on other grounds*, 185 F.3d 898 (D.C. Cir. 1999); *Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains.").

In addition, even where courts conclude that an agency's declarations are not sufficient and deny the agency's motion for summary judgment, they "'generally do not grant discovery but instead direct the agency to supplement its [declarations].'" *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 187 (D.D.C. 2011) (quoting *Jarvik v. CIA*, 741 F. Supp. 2d 106, 122 (D.D.C. 2010)).  Thus, agencies must be given an opportunity to justify their searches and withholdings before the Court should entertain a request for discovery.

Here, Plaintiff's request is woefully premature.  In their portion of the parties November 19, 2018 Joint Status Report, Defendants proposed a reasonable summary judgment schedule that would have allowed for an orderly disposition of this matter.  But, rather than proposing a summary judgment briefing schedule, Plaintiff filed a premature request for discovery, asking this Court to bring to take the extraordinary step of allowing discovery, without benefit of Defendants' summary briefing.  Whether Plaintiff is entitled to discovery is a question that the Court should decide only *after* Defendants have moved for summary judgment, consistent with the ordinary practice.

4

Although Plaintiff points to this Court's decision to permit limited discovery in *Judicial Watch, Inc. v. U.S. Department of State*, No. 13-cv-1363-EGS (D.D.C.), that case was in an entirely different posture when the Court granted Judicial Watch's request. There, the defendant had already moved for summary judgment, and Judicial Watch filed a motion for discovery under Rule 56(d). *See Judicial Watch, Inc. v. U.S. Dep't of State*, No. 1:13-cv-1363-EGS, Memorandum and Order 4, ECF No. 73 (D.D.C., May 4, 2016) Plaintiff's proposed course here—to allow discovery *before* Defendants have had the opportunity to justify their searches and withholdings in summary judgment briefing— would be highly unusual (and, indeed, inappropriate) under the precedent of this District, and it would force the Court to rule on the purported need for discovery without the necessary facts.

Besides being entirely premature, Plaintiff also provides no compelling reason why discovery should be permitted. Plaintiff claims that discovery is necessary because of potential bad faith on the part of the Defendants. ECF No. 28 at 5. Yet, one reason why discovery is so unusual in FOIA cases is that the government's declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Svcs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)); *see also Assassination Archives & Research Ctr. v. CIA*, 177 F. Supp. 2d 1 (D.D.C. 2008) ("[A] mere assertion of bad faith is not sufficient to overcome a motion for summary judgment."). Discovery should proceed only if the plaintiff puts forth concrete evidence of bad faith on the part of the agency that would overcome that presumption. *See Baker & Hostetler, LLP*, 473 F.3d at 318 (D.C. Cir. 2006).

Plaintiff, of course, has offered no such evidence of bad faith. Plaintiff's theory, apparently, is that Defendants "contrived" the technical issue that initially resulted in incomplete searches for responsive records in this case, "in order to shield themselves from the public seeing evidence of their routinely leaking grand jury information to the media and other disclosures for their own tactical motivations." ECF No. 28 at 6. Plaintiff points to no evidence to support this rank speculation, which, of course, is inaccurate. The actual reason for the initially incomplete searches is entirely benign, as is set out in detail in the sworn declaration of Joseph Klimavicz. *See* ECF No. 20-3. And, as Defendants will demonstrate in their summary judgment briefing and supporting declarations, all non-exempt responsive records have now been produced. Plaintiff's pure conjecture regarding alleged bad faith cannot justify its request for discovery.

Plaintiff also contends that Defendants' "production thus far shows conflicting public reports and likely material omissions to the Court." ECF No. 28 at 2. But Plaintiff provides no evidence whatsoever to support these additional allegations. Instead, based solely on what Plaintiff views as "chumminess" in e-mails between a spokesperson for the Office of the Special Counsel and a member of the media, Plaintiff concludes that there must be some omission from Defendants' production. *Id.* at 4. That is precisely the type of unsupported theorizing that cannot justify discovery in a FOIA case.

Finally, there is also no reason for the Court to entertain Plaintiff's request, in the alternative, that the Court conduct *in camera* review of withheld materials. As with Plaintiff's request for discovery, its request for *in camera* review is premature. The touchstone for the adequacy of submissions made in support of an agency's motion for summary judgment in a FOIA case is if the submissions are specific enough to demonstrate

"that material withheld is logically within the domain of the exemption claimed." *King v. U.S. Dept. of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987).

If the Court believes that an agency's submissions in their summary judgment briefing are insufficiently detailed, then *in camera* review may be proper. *See Quinon v. FBI*, 86 F.3d 1222, 1227-28 (D.C. Cir. 1996). Otherwise such review is "generally disfavored." *PHE, Inc. v. DOJ*, 983 F.2d 253 (D.C. Cir. 1993); *see also Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979) (reliance on agency submissions in lieu of in camera review "is in accordance with congressional intent that courts give agency affidavits 'substantial weight,' in recognition of the agency's expertise. In this scheme, in camera review is a "last resort . . . .").

Here, Plaintiff has requested *in camera* review before summary judgment briefing has even started, and therefore before Defendants have submitted evidence to justify their searches and production. The Court may, of course, consider Plaintiff's request after considering Defendants' submissions in their summary judgment motion. But the Court is not yet in a position to determine whether *in camera* review may appropriate and should therefore deny Plaintiff's request.

## CONCLUSION

For the reasons stated above, Defendants respectfully ask that the Court deny Plaintiff's request for discovery or, in the alternative, *in camera* review. Defendants further ask that the Court require the parties to confer regarding an appropriate summary judgment schedule and to file a joint status report with their proposal(s).

Dated: December 21, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　CHAD A. READLER
　　　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney
　　　　　　　　　　　　　　　　　　　　　　General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 305-0878
Facsimile: (202) 616-8470
E-mail: Bradley.Humphreys@usdoj.gov

*Attorneys for Defendants*