*Freedom Watch v. Mueller, et al.*
D.D.C. No. 1:18-cv-00088 (EGS)

# **<u>Exhibit 2</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREEDOM WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 18-cv-00088 (ES) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## **DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), in Winchester, Virginia.[1]   I have held this position since August 1, 2002.   Prior to joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law.   In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.   From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters.   I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 239 employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters

---

[1] In May 2018, the Records Management Division ("RMD") was renamed IMD.

("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.   The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)      Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552.   Specifically, I am aware of the FBI's response to Plaintiff's FOIA request.

(4)      In accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration is submitted in support of the FBI's Motion for Summary Judgment; it explains the administrative history of Plaintiff's request and describes the FBI's recordkeeping system; the procedures used to search for, review, and process responsive records subject to the FOIA; and the FBI's justifications for withholding records in part or in full pursuant to FOIA Exemption (b)(6).

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST

(5)      By letter dated January 2, 2018, Plaintiff submitted a FOIA request to the FBI requesting:

2

*Any and all documents and records as defined and set forth above that refer or relate with regard to communications to and from the media, domestic and foreign, concerning the activities of Special Counsel Robert Mueller and/or his staff as well as the Federal Bureau of Investigation, concerning the investigation of alleged Russian collusion and related matters concerning the Trump Presidential Campaign and the Trump Transition Team with the print, internet, social media and radio and television networks including but not limited to: New York Times, The Washington Post, Los Angeles Times, Politico, The Daily Beast, Slate, Huffington Post, Associated Press, Reuters, MSNBC, NBC, ABC, CBS, CNN, The Hill, Mother Jones, New Republic, McClatchy, and any other media outlets, where they be print, radio, social media, television or other media.*

Plaintiff limited the request to records created on or after July 1, 2015, through December 31, 2017. Plaintiff requested expedited processing and a waiver of both search and duplication fees as a member of the news media and purported public interest in disclosure of the requested information.[2]   *See* **Exhibit A.**

(6)     By letter dated January 11, 2018, the FBI acknowledged receipt of Plaintiff's request and assigned it FOIA Request No. 1392957-000.   The FBI advised Plaintiff the request for a public interest fee waiver was under consideration and for purpose of assessing fees, they are considered news media.   *See* **Exhibit B.**

(7)     On or about January 15, 2018, Plaintiff filed the present lawsuit in the U.S. District Court for the District of Columbia.   *See* **ECF No. 1, Complaint.**

(8)     By letter dated January 23, 2018, the FBI granted Plaintiff's request for expedited processing.   *See* **Exhibit C.**

(9)     On or about March 29, 2018, Plaintiff narrowed the scope of its FOIA request to only actual communications to/from the media, not to include, internal deliberations about media communications.

---

[2]   No fees were incurred; therefore the FBI did not adjudicate Plaintiff's fee waiver request.

(10)    By letter dated July 12, 2018, the FBI issued its response to Plaintiff's FOIA

request.    The FBI reviewed 320 pages of responsive records, released 171 pages in full and 122

pages in part, and 27 pages were withheld in full, of which 25 were withheld as duplicates of

other processed pages.    Information was withheld pursuant to FOIA Exemption (b)(6).    The

FBI informed Plaintiff of its right to appeal the FBI's determination by filing an administrative

appeal with OIP within ninety (90) days from the date of its letter.    *See* **Exhibit D.**

**SEARCH**
**BACKGROUND:   THE CENTRAL RECORDS SYSTEM**

(11)    The Central Records System ("CRS") is an extensive system of records consisting

of applicant, investigative, intelligence, personnel, administrative, and general files compiled and

maintained by the FBI in the course of fulfilling its integrated missions and functions as a law

enforcement, counterterrorism, and intelligence agency to include performance of administrative

and personnel functions.    The CRS spans the entire FBI organization and encompasses the

records of FBI HQ, FBI Field Offices, and FBI Legal Attaché Offices ("Legats") worldwide.

(12)    The CRS consists of a numerical sequence of files, called FBI "classifications,"

which are organized according to designated subject categories.    The broad array of CRS file

classification categories include types of criminal conduct and investigations conducted by the

FBI, as well as categorical subjects pertaining to counterterrorism, intelligence,

counterintelligence, personnel, and administrative matters.    For identification and retrieval

purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number

("UCFN") consisting of three sequential components: (a) the CRS file classification number, (b)

the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned

4

individual case file number for the particular subject matter.[3]   Within each case file, pertinent documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

### General Indices and Indexing

(13)   The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS.   The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties.   The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest indexed for future retrieval.   The entries in the general indices fall into two category types:

> (a) Main entry.   This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records.   The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

> (b) Reference entry.   This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter contained in a "main" file record about a different subject matter.

(14)   FBI Special Agents ("SA") and/or designated support personnel may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (e.g., a terrorist attack or bank robbery).   Indexing information in the CRS is based on operational necessity, and the FBI only indexes information considered relevant

---

[3] For example, in a fictitious file number of "11Z-HQ-56789," the "11Z" component indicates the file classification, "HQ" indicates FBI Headquarters is the FBI OO of the file, and "56789" is the assigned case specific file number.

and necessary for future retrieval.    Accordingly, the FBI does not index every individual name

or other subject matter in the general indices.    For most requests, a search of the CRS is

sufficient; however, in this instance the requested communications to or from the media would

not likely be retrievable via an index search of the CRS.    Instead, the information requested

here lends itself to a targeted search of the location most likely to have responsive

communications with the media, *i.e.*, the FBI's Office of Public Affairs (OPA).

(15)    The FBI's OPA manages and oversees the FBI's media relations.    Only

authorized individuals are permitted to communicate with the media concerning FBI matters and

those individuals are required to coordinate such contact through and with approval of OPA

and/or specifically designated heads of field offices.    The subject of the requested media

communications involve matters of national interest and therefore OPA is the most likely

location to have records potentially responsive to the Plaintiffs request.    No other location

would likely possess records of communications with the media.

### SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

#### *Targeted Search of the Office of Public Affairs (OPA)*

(16)    A targeted search of the FBI's OPA was determined to be the most likely location

to possess responsive communications between FBI and media. The Unit Chief of OPA

determined the most logical location for "communication" records to or from media would be

within the e-mails of specific authorized employees who have contact with the media on a

regular basis.    Those identified employees of OPA searched their e-mail accounts for

communications containing the following terms and within the date range of July 1, 2015

6

through December 31, 2017:

> "SCO" AND "Russia"
> "SCO" AND "Trump campaign"
> "SCO" AND "Trump Presidential Campaign"
> "SCO" AND "Trump Transition"
> "OSC" AND "Russia"
> "OSC" AND "Trump campaign"
> "OSC" AND" Trump Transition"
> "Special Counsel" AND "Russia"
> "Special Counsel" AND "Trump Campaign"
> "Special Counsel" AND" Trump Presidential Campaign"
> "Special Counsel" AND "Trump Transition"
> "Mueller" AND "Russia"
> "Mueller" AND "Trump Campaign"
> "Mueller" AND "Trump Presidential Campaign"
> "Mueller" AND "Trump Transition"

Responsive records were located, forwarded to RIDS for further determination of responsiveness, and all responsive records were reviewed and processed.   OPA advised RIDS that two of its employees identified as likely to have responsive records were not available to conduct searches.   As a result, RIDS obtained an automated search of the e-mail accounts of these two employees utilizing the same date range and search terms listed above.   Additional responsive records were located, reviewed, and processed.

(17)   RIDS conducted searches reasonably calculated to locate records responsive to Plaintiff's FOIA request.   First, RIDS contacted OPA, the office most likely to maintain records of communications between the FBI and media on any given subject of FBI interest.   Second, based on information provided by OPA for employees likely to have responsive records but not available to conduct searches of their own e-mails, RIDS obtained an automated e-mail search of those employees' e-mail accounts.   The search terms utilized are those discussed in paragraph 18, *supra* and were formulated based on the specific subject-matters provided in Plaintiff's FOIA

request letter.    The search was carefully and reasonably calculated to locate records responsive

to Plaintiff's request.    Responsive records were located, reviewed, processed, and released to

the Plaintiff.    The FBI found no information or leads logically leading to other locations where

responsive records would likely be located.

## EXEMPTIONS

### EXPLANATION OF THE CODED FORMAT USED TO DESCRIBE AND JUSTIFY WITHHOLDINGS

(18)    All records responsive to Plaintiff's request were processed to achieve maximum

disclosure consistent with the access provisions of the FOIA.    Every effort was made to provide

Plaintiff with all material in the public domain as well as all reasonably segregable, non-exempt

information in the responsive records.    The FBI reviewed all 320 pages of responsive records it

located in its searches, and the 33 pages sent to it for review by OIP.    The pages located by the

FBI have been Bates-numbered sequentially "FBI(18-cv-88)-1" through "FBI(18cv88)-320" for

ease of reference.    Of the 320 pages reviewed, 171 pages were released in full ("RIF"), 122

pages were released in part ("RIP"), and 27 pages were withheld in full ("WIF").    All

reasonably segregable, nonexempt portions of the 320 pages were released to Plaintiff.    The

FBI conducted a document-by-document, line-by-line review of the records.    Exempt

information was protected pursuant to FOIA Exemption (b)(6) and consisted of the names, e-

mail addresses, initials, and telephone numbers of FBI and DOJ employees; the telephone

numbers, non-public e-mail address and related non-public contact information of members of

the media; the name of a congressional employee, and the names of third parties merely

mentioned.    Further description of the information withheld, beyond what is provided in this

declaration, could identify the actual exempt information the FBI has protected.    The FBI has

8

included an Index which allows the Court and Plaintiff to view a page-by-page breakdown of the types of information withheld under the applied exemption. *See* **Exhibit E.**

(19)    The Bates-numbered documents contain exemption codes that categorize the information withheld pursuant to FOIA Exemption (b)(6).    The coded categories are designed to aid the Court and Plaintiff's review of the FBI's applications of the FOIA exemption asserted to withhold the specific information.    The coded, Bates-numbered pages together with this declaration and Index demonstrate that all information protected by the FBI is exempt from disclosure pursuant to the cited FOIA exemption, or is so intertwined with exempt information that segregation is not possible without revealing the exempt information.    A copy of the processed records with exemption codes will be provided at the Court's request.

(20)    Where pages were released in part, each instance of redacted information on the page is accompanied by a coded designation that corresponds to the categories listed below. For example, where "(b)(6)-1" appears on a page, the "(b)(6)" designation refers to FOIA Exemption (b)(6) protecting against a clearly unwarranted invasion of personal privacy.    The numerical designation of "1" following the "(b)(6)" narrows the main category into a more specific subcategory, such as "Names and/or Identifying Information of FBI Professional Staff." Similarly, where pages were withheld in full, a Deleted Page Information Sheet was provided to Plaintiff with the release to account for the withheld pages.

(21)    The following chart lists and summarizes the coded categories used in this case:

9

| SUMMARY OF FOIA EXEMPTION (b)(6) JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **EXEMPTION (b)(6)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 | Names and/or Identifying Information of FBI Professional Staff |
| (b)(6)-2 | Names and/or Identifying Information of Reporters |
| (b)(6)-3 | Names and/or Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-4 | Identifying Information of a Third Party Merely Mentioned |

### EXEMPTION (b)(6)

(22)     Exemption (b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."   5 U.S.C. § 552(b)(6).   All information that applies to a particular person falls within the scope of Exemption (b)(6).   The balancing test for Exemption (b)(6) uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and balances individuals' privacy interests against the public's interest in disclosure.

(23)     For purposes of this exemption, a public interest exists only when information about an individual would shed light on the FBI's performance of its mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners.

*(b)(6)-1     Names and/or Identifying Information of FBI Professional Staff*

(24)     In Category (b)(6)-1, the FBI protected the names and/or identifying information (internal e-mail addresses, direct telephone numbers, initials) of FBI professional staff assigned

10

to the OPA.    They were, and possibly are, in positions of access to information regarding

official law enforcement investigations, and therefore could become targets of harassing

inquiries for unauthorized access to investigations if their identities were released.    Thus, these

individuals maintain substantial privacy interests in not having their identities disclosed.

(25)    After identifying these privacy interests, the FBI considered whether there was a

public interest in disclosure sufficient to outweigh the employees' substantial privacy interests.

The FBI concluded no public interest would be served by disclosing the identities of FBI

professional staff to the general public because their identities would not, themselves,

significantly increase the public's understanding of the FBI's operations and activities.

(26)    Accordingly, after balancing these individuals' substantial privacy interests

against the public interest, the FBI properly protected the names and identifying information of

FBI professional staff pursuant to FOIA Exemption (b)(6).

*(b)(6)-2*        ***Names and/or Non-Public Identifying Information of Reporters***

(27)    In Category (b)(6)-2, the FBI withheld the non-public identifying information of

members of the news media ("reporters") mentioned in the responsive documents.    Members of

the media maintain legitimate privacy interests in private information such as their direct

telephone lines or cell phone numbers because the public could draw negative conclusions based

on their inquiries to OPA or devote unwanted attention and/or harassment toward the individuals

based on their communications with OPA if their identities were publicly disclosed.    Thus,

these individuals maintain substantial privacy interests in relation to this private information.

The FBI determined there is no public interest in the disclosure of their non-public contact

information, as disclosure would not significantly increase the public's understanding of FBI

11

operations and activities.    Accordingly, the FBI protected this information pursuant to FOIA

Exemption (b)(6).

***(b)(6)-3***        ***Names and/or Identifying Information of Non-FBI Federal Government***
            ***Personnel***

(28).      In Category (b)(6)-3, the FBI protected the names and/or identifying information

of personnel from federal government agencies other than the FBI mentioned in the responsive

records in relation to FBI activities.    This includes the name of a Congressional Staff employee

and the names, e-mail addresses, and internal contact information of non-FBI DOJ employees.

The rationale for protecting the identities of these government employees is the same as the

rationale for protecting the identities of FBI professional staff, as discussed above.    In short,

these government employees maintain substantial privacy interests just as FBI employees do.

In contrast, the FBI determined there is no public interest to be served by the disclosure of the

withheld information because this information would not significantly increase the public's

understanding of the FBI's operations and activities.    Accordingly, the FBI protected these

employees' privacy interests pursuant to FOIA Exemption (b)(6).

***(b)(6)-4***        ***Identifying Information of a Third Party Merely Mentioned***

(29)      In Category (b)(6)-4, the FBI protected the records of a third party merely

referenced during an inquiry by a reporter.    These records are not FBI generated records, nor

are the records owned by the FBI.    The two page record was merely attached for reference by a

reporter inquiring to the FBI about an alleged FBI investigation.    The third party maintains

legitimate privacy interests in not having their records, or the information contained within,

disclosed.    If the FBI disclosed the third party's non-FBI records containing personal

12

information, the disclosure would reveal information about the third party and connect that information to an FBI investigation via the reporter's e-mail inquiry.   Disclosure of the third party's personal information and records in connection with any FBI investigation carries an extremely negative connotation.   Disclosure of his/her personal, non-public information would subject the individual to possible harassment or criticism and focus derogatory inferences and suspicion on them.   Accordingly, the FBI determined that the third party maintains a substantial privacy interest in not having their records disclosed.   After identifying the substantial privacy interests the individual maintains, the FBI balanced the third party's right to privacy against the public interest in the disclosure.   The FBI has determined that the personal privacy interest of the third party in non-disclosure outweighed the public in disclosure, as disclosure of these non-FBI records would not shed any light on the operations and activities of the FBI.   Thus, disclosure of this information would constitute a clearly unwarranted invasion of his/her personal privacy.   Accordingly, the FBI redacted this information pursuant to FOIA Exemption (b)(6).

## CONSULTATIONS

(30)    The FBI received a series of three referrals of records from OIP for consultation. The FBI reviewed the records and withheld the names, e-mail addresses, and telephone numbers of FBI professional staff appearing in the referred records, pursuant to FOIA Exemption (b)(6) under the same rationale as cited in ¶¶ 24-26, *supra*.

(31)    Following a consultation with the United States Citizenship and Immigration Services (USCIS) concerning a two-page document (*Bates* pages 228-229), the FBI is withholding the document in full to protect the name and identifying information of a third party, pursuant to FOIA Exemption (b)(6) as cited in ¶ 29, *supra*.

13

## SEGREGATION

(32)     The FBI provided Plaintiff all non-exempt records or portions of records responsive to its FOIA request.    During the processing of Plaintiff's request, a line by line review of each responsive page was conducted to identify non-exempt information that could be reasonably segregated and released.    As discussed above, the FBI located 320 pages of responsive records; released 171 pages in full and 122 pages in part; and withheld 27 pages in full.

(33)     The FBI conducted searches reasonably calculated to locate records responsive to Plaintiff's FOIA request by contacting OPA, the office authorized to communicate with the media on behalf of the FBI, thus likely to have media-related records.

(34)     Pages RIP:   Following its segregability review, RIDS determined 122 pages could be released in part with redactions based on the FOIA exemption discussed herein. These pages comprise a mixture of non-exempt information that could be segregated for release; exempt information; and information that while not exempt consists merely of words or phrases that if segregated and released would include no information content.

(35)     Pages WIF:   Following its segregability review, RIDS determined 27 pages were required to be withheld in their entirety.   RIDS determined all information on two pages[4] was covered by FOIA Exemption (b)(6); therefore, there was no information that could be reasonably segregated for release without causing a clearly unwarranted invasion of the privacy of a third party merely mentioned in an attachment to a reporter's e-mail.   *See* ¶ 29, *supra*.   The remaining 25 pages WIF were duplicates of other processed pages in the production.

---

[4] *Bates* pages 228-229.

## CONCLUSION

(36)    The FBI conducted searches reasonably calculated to locate records responsive to Plaintiff's FOIA request; closely reviewed the records located; released all reasonably segregable, non-exempt information; and protected exempt information pursuant to FOIA Exemption (b)(6) to protect information, the disclosure of which would cause a clearly unwarranted invasion of personal privacy.   Thus, the FBI has complied with its obligations under the FOIA.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through E attached hereto are true and correct copies.

Executed this 6th day of April, 2019.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 18-cv-00088 (ES) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, et. al. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**EXHIBIT A**



# FREEDOM WATCH

▸ www.FreedomWatchUSA.org

▸ **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811   ▸ (310) 595-0800   ▸ leklayman@gmail.com

January 2, 2018

VIA FASCIMILE, FEDEX AND MAIL

Robert Mueller, Esq.
Special Counsel
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Suite 3266
Washington, D.C. 20530

Laurie Day
Chief, Initial Request Staff
Office of Information Policy
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, DC 20530-0001
Fax: (202) 514-1009

FOIA/PA Mail Referral Unit
U.S. Department of Justice
LOC Building, Room 115
Washington, DC 20530-0001
Fax: (202) 616-6695

Ms. Amanda Marchand Jones
Chief, FOIA/PA Unit
Criminal Division
U.S. Department of Justice
Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
Fax: (202) 514-6617

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA, 22602
Fax: (540) 868-4391

JAN 10 2018

Re:     Freedom of Information Act Request

Dear Ladies and Gentlemen:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and regulations promulgated thereunder, we hereby request from the Office of Special Counsel Robert Mueller, the U.S. Department of Justice (DOJ) upon which his authority and mandate rests and depends, and DOJ's Federal Bureau of Investigation, any and all documents that refer or relate in any way to the specific request set forth below.

Freedom Watch requests expedited processing of this request pursuant to 28 C.F.R. § 16.5 (e) of the regulations governing the the requestees' operations because time is of the essence in the events at issue for public knowledge of the nation's citizens.

Freedom Watch requests that you provide the requested documents within ten (10) calendar days of receipt of this request.

## FREEDOM OF INFORMATION REQUESTS

For the purpose of this Freedom of Information Act Request (FOIA Request), you must consider and comply with this request in good faith and in a timely matter.  Please note that a document that has been altered with the addition of handwritten notes or other information added is not the same document as the unaltered original.

### Definitions

For the purpose of this FOIA request the term "document" is hereby defined expansively to include any or all of the following, whether existing as electronic, digital, or computer data, in electronic or digital form, or in paper form:  correspondence, letters, memoranda, recommendations, records, orders, plans, proposals, meeting agendas, minutes of meetings, briefing materials, progress reports, weekly reports, talking points, briefing papers, requests for action, telephone logs, telephone message books, notes of phone messages or visits, routing slips, buck slips, standard government forms containing information filled in on lines or blank spaces, slide presentations, "card decks" (for presentations at meetings), power-point presentations, facsimiles (faxes), notes, handwritten notes, notes to the file, requests for decision, requests for authorization, tape recordings, video recordings, electronic mail (email) messages, summaries, briefs, orders, written decisions, applications, , and/or other documents and things.  In addition, with regard to payments to persons or vendors, documents also include all invoices, bills, contracting records, commitment of funds, obligation of funds, or disbursement records.

For the purposes of this FOIA request, you are to search and produce any responsive documents or records that are within the U.S. Department of Justice's possession, custody, or control regardless of who authored or created the document or record.

For the purposes of this FOIA request, the term "communication" includes any form of communication, such as by letter, by facsimile, by note, by telephone text message, by electronic mail (email), computer messaging service, or by any other means.

The time period for records that we request is records created on or after July 1, 2015, through December 31, 2017.

For identification purposes, the Robert Mueller referred to herein is also known as Robert Swan Mueller III, an American lawyer who was the sixth Director of the Federal Bureau of Investigation, serving from September 4, 2001, to September 4, 2013, and was appointed a Special Counsel on or about May 17, 2017.  For ease of your reference, a copy of Robert Mueller's appointment is attached as Exhibit A.

Requests

Request #1                Any and all documents and records as defined and set forth above
                          that refer or relate with regard to communications to and from the
                          media, domestic and foreign,  concerning the activities of  Special
                          Counsel Robert Mueller and/or his staff as well as the Federal
                          Bureau of Investigation, concerning the investigation of alleged
                          Russian collusion and related matters concerning the Trump
                          Presidential Campaign and the Trump Transition Team  with the
                          print, internet, social media and radio and television networks
                          including but not limited to: New York Times, The Washington
                          Post, Los Angeles Times, Politico, The Daily Beast, Slate,
                          Huffington Post, Associated Press, Reuters, MSNBC, NBC, ABC,
                          CBS, CNN, The Hill, Mother Jones, New Republic, McClatchy, and
                          any other media outlets, where they be print, radio, social media
                          television or other media.

## LEGAL GUIDELINES

In accordance with FOIA and its regulations, policies and precedents directing that the FOIA focuses on information, not only documents, we request maximum disclosure of information and documents, including any segregable portions of documents if some portions are withheld due to a claim of privilege or exemption.

If any documents are withheld subject to any claim of privilege or exemption, we request complete information about each document withheld, including which paragraph of the request to which the document is responsive; the author and title of the document; an explanation of the applicability of the claimed exemption to the contents of the document; and  the name and title of each person responsible for the denial.

Furthermore, as to any claim that documents will be withheld on the basis of any deliberative process privilege we draw your attention to the legal requirements that the deliberative process exemption does not permit withholding of --

    (a) facts which are segregable from deliberations

    (b) opinions about such facts which merely convey or further describe factual information;

    (c) any deliberations unrelated to any actual decision;

    (d) any deliberations in areas where there are allegations of governmental misconduct, and

    (e) deliberations, opinions, or recommendations that are incorporated into a final decision and/or which serve to explain a final decision by the government.

We therefore demand production of all documents in unredacted form notwithstanding any possible claim of the deliberative process exemption or any other claimed exemption.

## REQUEST FOR FEE WAIVER

The requesters also respectfully request a blanket fee waiver on behalf of the public interest, to which it is entitled under 5 U.S.C. § 552(a)(4)(A); *see also, Larson v. Central Intelligence Agency,* 843 F.2d 1482, 1483 (D.C. Cir. 1988); *National Sec. Archive v. U.S. Dept. of Defense,* 880 F.2d 1381, 1385-87 (D.C. Cir. 1989); *see also, Judicial Watch, Inc. v. United States Dep't. of Commerce,* No. 95-0133 (D.D.C. May 16, 1995) (order granting Judicial Watch USA, Inc.'s request for fee waiver with regard to all responsive documents in proceeding).

Requester Freedom Watch USA, Inc. is a non-profit, non-partisan, tax-exempt 501(c)(3) organization which as a public interest organization which specializes in deterring, monitoring, uncovering, and addressing public corruption in government. Freedom Watch USA has and will hold Republicans, Democrats, and Independents equally accountable to ethical and legal standards for honest and open government. It disseminates information, as is its mission, to the public through its website at www.freedomwatchusa.org, press releases, seminars and speeches, the radio show of its chairman and general counsel, Larry Klayman (see www.radioamerica.org or www.freedomwatchusa.org), You Tube, Roku, Amazon Fire, Twitter, and appearances on other radio shows and cable news networks such as Fox News, One America Network, i 24,  and Newsmax.com. Freedom Watch's chairman and general counsel, Larry Klayman, also has published a weekly column at www.wnd.com and has a blog named "Klayman's Court" at Newsmax.com, among other forms of public dissemination of information to educate the citizenry.

The requesters have no commercial purpose as a 501(c)(3) non-profit organization organized exclusively to improve the ethical and legal standards in government, accountability of government officials to the rule of law, and public understanding of government operations.

Freedom Watch thus will also use the requested material to promote accountable government as a representative of the news media and the public in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(II) and *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989), by disseminating relevant information which may be uncovered.  Information will benefit the public by identifying areas for future reform as well as deterring future abuses that could otherwise proliferate without scrutiny.

The subject of this request is information concerning the operations and activities of the government.    Past experience of demonstrates the success of Freedom Watch in uncovering important facts about government activities, integrity and operations, of broad concern to the public.  This request is likely to "contribute significantly" to the public's understanding of the operations of their government, satisfying the requirements of FOIA fee waiver provisions.

Immediate release of the requested information is in the public interest, including for promoting confidence in an honest democratic system, and furthering the integrity of the American national government by deterring and/or sanctioning corrupt activities.   The failure to do so will likely result in the further compromise of important interests of the American people.

## REQUEST FOR EXPEDITED PROCESSING

Freedom Watch hereby requests expedited processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)(I), as there is a compelling need for this information and time is truly of the essence in this matter. *See Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976) (holding that requests that involved a far greater degree of urgency than others should be processed out of turn).

This request is extremely urgent, as the investigation by Special Counsel Robert Mueller is currently ongoing, and there are new leaks emerging from his office nearly every single day, which is harming the reputation and livelihoods of a number of people that are under investigation and, as importantly, as well as the reputation, integrity and the public's trust of the justice system. The American people therefore need this information urgently, and given Freedom Watch's role in disseminating information, as set forth above, expedited processing of this instant request is the best avenue for the release of this information to the masses and citizenry. Particularly since Special Counsel Robert Mueller has assembled a large team and spent nearly $7 million in the first five months, there is therefore no reason that they cannot produce the requested documentation within 10 calendar days, and it is clear that there is no  reason for delay particularly since the DOJ and its Federal Bureau of Investigation have literally thousands of employees and have claimed a high priority to expediting the conclusion of Special Counsel Mueller's investigation in the nation's interest.

In sum, there is therefore a great urgency to inform the public, pursuant to *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001) and relevant regulations, policies and case

law, as the request clearly concerns a matter of current exigency to the American public. Special Counsel Mueller's investigation is ongoing, and is being conducted using a significant amount of taxpayer money. The information and documents sought needs to be presented and disseminated to the public forthwith. Any delay would further damage the reputations of the people under investigation and, as importantly, the remaining confidence that the American people have in the justice system.

Pursuant to U.S.C. §552(a)(6)(E), the foregoing is true and correct to the best of Freedom Watch's knowledge and belief.

Sincerely,

Larry Klayman, Esq.
Freedom Watch, Inc.
2020 Pennsylvania Ave, N.W., Suite 345
Washington, D.C. 20006
Tel: 310 595 0800
leklayman@gmail.com

Chairman and General Counsel

**PLEASE SEND TRUE COPIES OF THE REQUESTED DOCUMENTS WITH 10 CALENDAR DAYS BY EXPRESS MAIL, AS DEFINED HEREIN, TO THE ABOVE ADDRESS.**

# EXHIBIT A



# Office of the Deputy Attorney General
### Washington, D.C. 20530

### ORDER NO. 3915-2017

### APPOINTMENT OF SPECIAL COUNSEL
### TO INVESTIGATE RUSSIAN INTERFERENCE WITH THE
### 2016 PRESIDENTIAL ELECTION AND RELATED MATTERS

By virtue of the authority vested in me as Acting Attorney General, including 28 U.S.C. §§ 509, 510, and 515, in order to discharge my responsibility to provide supervision and management of the Department of Justice, and to ensure a full and thorough investigation of the Russian government's efforts to interfere in the 2016 presidential election, I hereby order as follows:

(a)     Robert S. Mueller III is appointed to serve as Special Counsel for the United States Department of Justice.

(b)     The Special Counsel is authorized to conduct the investigation confirmed by then-FBI Director James B. Comey in testimony before the House Permanent Select Committee on Intelligence on March 20, 2017, including:

     (i)      any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and

     (ii)     any matters that arose or may arise directly from the investigation; and

     (iii)    any other matters within the scope of 28 C.F.R. § 600.4(a).

(c)     If the Special Counsel believes it is necessary and appropriate, the Special Counsel is authorized to prosecute federal crimes arising from the investigation of these matters.

(d)     Sections 600.4 through 600.10 of Title 28 of the Code of Federal Regulations are applicable to the Special Counsel.

_5/17/17_
Date

Rod J. Rosenstein
Acting Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREEDOM WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 18-cv-00088 (ES) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, et. al. | ) |
| | ) |
| Defendant. | ) |

**EXHIBIT B**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 11, 2018

MR. LARRY KLAYMAN
FREEDOM WATCH
SUITE 345
2020 PENNSYLVANIA AVENUE, NORTHWEST
WASHINGTON, DC 20006

FOIPA Request No.: 1392957-000
Subject: All Records Related to Media
Communication Concerning the Activities of
Special Counsel Mueller
(July 1, 2015 – December 31, 2017)

Dear Mr. Klayman:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a public interest fee waiver is under consideration, and you will be advised of the decision at a later date.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

   ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

   ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

   ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 18-cv-00088 (ES) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, et. al. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**EXHIBIT C**

**U.S. Department of Justice**

---

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 23, 2018

MR. LARRY KLAYMAN
FREEDOM WATCH
SUITE 345
2020 PENNSYLVANIA AVENUE, NORTHWEST
WASHINGTON, DC 20006

Civil Litigation No.: 18-cv-00088
FOIPA Request No.: 1392957-000
Subject: All Records Related to
Media Communication Concerning
the Activities of Special Counsel Mueller
(July 1, 2015 – December 31, 2017)

Dear Mr. Klayman:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☑ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☐ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Although your request is in litigation, you may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 18-cv-00088 (ES) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, et. al. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**EXHIBIT D**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 13, 2018

MR. LARRY KLAYMAN
FREEDOM WATCH
SUITE 345
2020 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20006

Civil Litigation No.: 18-CV-00088
FOIPA Request No.: 1392957-000
Subject: All Records Related to Media
Communication Concerning the Activities of
Special Counsel Mueller
(July 1, 2015 – December 31, 2017)

Dear Mr. Klayman:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.   Below you will find check boxes under the appropriate statue headings with indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information. The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | | ☐ (d)(5) | |
| ☐ (b)(2) | ☐ (b)(7)(B) | | ☐ (j)(2) | |
| ☐ (b)(3) | ☐ (b)(7)(C) | | ☐ (k)(1) | |
| _____ | ☐ (b)(7)(D) | | ☐ (k)(2) | |
| _____ | ☐ (b)(7)(E) | | ☐ (k)(3) | |
| | ☐ (b)(7)(F) | | ☐ (k)(4) | |
| ☐ (b)(4) | ☐ (b)(8) | | ☐ (k)(5) | |
| ☐ (b)(5) | ☐ (b)(9) | | ☐ (k)(6) | |
| ☑ (b)(6) | | | ☐ (k)(7) | |

320 pages were reviewed and 293 pages are being released.

Below you will also find additional informational paragraphs about your request.   Where applicable, check boxes are used to provide you with more information about the processing of your request.   Please read each item carefully.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☐ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

☐   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown such additional references, if identified to the same subject of the main investigative file, usually contain information similar to the information processed in the main file(s).   As such, we have given priority to processing only the main investigative file(s) given our significant backlog.   If you would like to receive any references to the subject(s) of your request, please submit a separate request for the reference material in writing.   The references will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosures

**Additional Information:**

The enclosed documents represent the final release of information responsive to your Freedom of Information/Privacy Acts (FOIPA) request.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 18-cv-00088 (ES) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, et. al. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**EXHIBIT E**

*FREEDOM WATCH, Inc. v. DOJ, et.al.*
**18-cv-00088**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

## EXEMPTION APPLICATION INDEX

| SUMMARY OF FOIA EXEMPTION (b)(6) JUSTIFICATION CATEGORIES | |
| --- | --- |
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **EXEMPTION (b)(6)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 | Names and/or Identifying Information of FBI Support Personnel |
| (b)(6)-2 | Names and/or Identifying Information of Reporters |
| (b)(6)-3 | Names and/or Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-4 | Name and Identifying Information of a Third Party Merely Mentioned |

| Bates Page | Description of Withheld Information | b6 1 | b6 2 | b6 3 | b6 4 | RIF[1] | RIP[2] | WIF[3] |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-111 | Pages 1-111 are Released in Full ("RIF") | | | | | 111 | | |
| 112 | Names and e-mail addresses of FBI employees; direct telephone line of a reporter; | x | x | | | | 1 | |
| 113 | Direct telephone line of a reporter; | x | | | | | 1 | |
| 114-116 | RIF (3 pages) | | | | | 3 | | |
| 117-119 | Duplicate to 113-115 | | | | | | | 3 |
| 120-122 | RIF (3 pages) | | | | | 3 | | |
| 123 | Direct telephone line of a reporter; | x | | | | | 1 | |
| 124 | E-mail address of an FBI employee; | | x | | | | 1 | |
| 125-126 | RIF (2 pages) | | | | | 2 | | |
| 127 | Name of an FBI employee; | | x | | | | 1 | |
| 128 | The e-mail above the 8/18/17 e-mail is a separate record and not responsive to this request;  the name and non-public e-mail address of an FBI employee; | | x | | | | 1 | |
| 129 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 130 | Name and e-mail address of an FBI employee; | | x | | | | 1 | |
| 131 | Telephone number of a reporter and the name of a Congressional Staff Employee; | x | | | | | 1 | |

---

[1] Pages released in full ("RIF").
[2] Pages released in part ("RIP").
[3] Pages withheld in full ("WIF").

| Bates Page | Description of Withheld Information | b6 1 | b6 2 | b6 3 | b6 4 | RIF[1] | RIP[2] | WIF[3] |
|---|---|---|---|---|---|---|---|---|
| 132-135 | RIF (4 pages) | | | | | 4 | | |
| 136 | Name and e-mail address of an FBI employee; | | x | | | | 1 | |
| 137-139 | RIF (3 pages) | | | | | 3 | | |
| 140 | Name, e-mail address, and direct telephone number of FBI employees  (e-mail above 12/6/17 email is not responsive to the subject); | | x | | | | 1 | |
| 141 | Name of FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 142 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 143 | Direct telephone number of a DOJ employee; direct telephone number and e-mail address of a reporter; | x | | x | | | 1 | |
| 144 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 145 | RIF (1 page) | | | | | 1 | | |
| 146 | Direct telephone numbers for a reporter; | x | | | | | 1 | |
| 147 | Cellular telephone number of a reporter; | x | | | | | 1 | |
| 148 | Direct telephone number and e-mail address of reporter; | x | | | | | 1 | |
| 149 | E-mail address of a reporter; | x | | | | | 1 | |
| 150 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 151 | Direct telephone number of reporter; | x | | | | | 1 | |
| 152 | RIF (1 page) | | | | | 1 | | |
| 153 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 154 | Names & e-mail addresses of FBI & DOJ employees; direct telephone numbers and e-mail address of a reporter; | x | x | x | | | 1 | |
| 155 | Duplicate to 271; | | | | | | | 1 |
| 156 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 157 | RIF (1 page) | | | | | 1 | | |
| 158 | Direct telephone numbers of a reporter; | x | | | | | 1 | |
| 159 | RIF (1 page) | | | | | 1 | | |
| 160 | Cellular telephone number and email address of a reporter; | x | | | | | 1 | |
| 161 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 162 | Name and e-mail address of FBI employee; | | x | | | | 1 | |
| 163 | Direct telephone numbers of a reporter; | x | | | | | 1 | |
| 164 | Names of FBI employees; e-mail address and direct telephone number of a reporter; | x | x | | | | 1 | |
| 165 | Names of FBI employees; direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 166 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 167 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 168 | RIF (1 page) | | | | | 1 | | |
| 169 | Name and email address of FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 170 | Name and direct telephone lines of FBI employee; | | x | | | | 1 | |
| 171 | Names of two FBI employees; name of a third party (media member) merely mentioned; | x | x | | | | 1 | |

| Bates Page | Description of Withheld Information | b6 1 | b6 2 | b6 3 | b6 4 | RIF[1] | RIP[2] | WIF[3] |
|---|---|---|---|---|---|---|---|---|
| 172 | Direct telephone number and e-mail address of a reporter; | x | | | | | 1 | |
| 173 | Direct telephone numbers of a reporter; | x | | | | | 1 | |
| 174 | Name and email address of FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 175 | Name of FBI employee; direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 176 | Name of reporter; | x | | | | | 1 | |
| 177 | E-mail address of reporter; | x | | | | | 1 | |
| 178 | Name and direct telephone number of a reporter; | x | | | | | 1 | |
| 179 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 180 | Names, e-mail addresses, and direct telephone lines of FBI employees; name of a third party merely mentioned; | x | | | | | 1 | |
| 181 | E-mail addresses of FBI employee; | | x | | | | 1 | |
| 182-185 | RIF (4 pages) | | | | | 4 | | |
| 186 | Name and direct telephone number of FBI employee; direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 187 | Name of an FBI employee; | | x | | | | 1 | |
| 188-193 | RIF (5 pages) | | | | | 5 | | |
| 194 | Name and direct telephone numbers of an FBI employee; | | x | | | | 1 | |
| 195 | Name of an FBI employee; direct telephone line of a reporter; | x | x | | | | 1 | |
| 196 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 197 | Name and direct telephone number of an FBI employee; name and email address of a Congressional Staff Employee; | | x | x | | | 1 | |
| 198-203 | RIF (6 pages) | | | | | 6 | | |
| 204 | Name and direct telephone number of an FBI employee; | | x | | | | 1 | |
| 205 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 206 | Name, e-mail address, and direct telephone number of an FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 207 | RIF (1 page) | | | | | 1 | | |
| 208 | Name and e-mail address of an FBI employee; direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 209 | Name and e-mail address of FBI employee; bottom e-mail is not responsive to the request; | | x | | | | 1 | |
| 210 | Name of an FBI employee; direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 211 | Names, e-mail addresses, and direct telephone lines of FBI employees; direct telephone number of a reporter; | x | x | | | | 1 | |
| 212 | Duplicate to 194; | | | | | | | 1 |
| 213 | Names of FBI employees; | | x | | | | 1 | |
| 214-215 | RIF (2 pages) | | | | | 2 | | |
| 216 | Names of FBI employees; direct telephone number for a reporter; | x | x | | | | 1 | |
| 217 | Name and e-mail addresses of FBI employees; | | x | | | | 1 | |
| 218 | Names, e-mail addresses, and direct telephone numbers of FBI employees; | | x | | | | 1 | |

3

| Bates Page | Description of Withheld Information | b6 1 | b6 2 | b6 3 | b6 4 | RIF[1] | RIP[2] | WIF[3] |
|---|---|---|---|---|---|---|---|---|
| 219 | Name, e-mail address, and direct telephone number of an FBI employee; | | x | | | | 1 | |
| 220 | Name and direct telephone number of an FBI employee; | | x | | | | 1 | |
| 221 | Names, e-mail addresses of FBI employees; and direct telephone numbers of reporters; | x | x | | | | 1 | |
| 222 | Names, e-mail addresses, and direct telephone numbers of FBI employees; direct telephone numbers of reporters; | x | x | | | | 1 | |
| 223 | Names, e-mail addresses of FBI employees; and direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 224 | Name and e-mail address of FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 225 | Name and e-mail address of an FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 226-227 | Duplicate to 195-196; | | | | | | | 2 |
| 228 | Records of a third party were withheld in their entirety. No information could be segregated for release without disclosing non-public details about the third party; | | | | x | | | 1 |
| 229 | | | | | x | | | 1 |
| 230 | Duplicate to 195; | | | | | | | 1 |
| 231 | Names of FBI employees; direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 232 | Name of an FBI employee; direct telephone number of a reporter; | x | x | | | | 1' | |
| 233 | Names, e-mail addresses, and telephone numbers of FBI employees; | | x | | | | 1 | |
| 234 | Names and e-mail address of FBI employees; direct telephone number of a reporter; | x | x | | | | 1 | |
| 235 | Name of FBI employee; | | x | | | | 1 | |
| 236 | Name of FBI employee; direct telephone number and encryption information of a reporter and the name of the reporter's colleague. | x | x | | | | 1 | |
| 237 | Names and e-mail address of FBI employees; | | x | | | | 1 | |
| 238 | Duplicate to 161; | | | | | | | 1 |
| 239 | Name, e-mail address, and direct telephone number of an FBI employee; non-public e-mail address of a reporter; | x | x | | | | 1 | |
| 240 | Cellular telephone number of a reporter; | x | | | | | 1 | |
| 241 | Names, e-mail addresses, and direct telephone line of FBI employees; | | x | | | | 1 | |
| 242 | E-mail, name and direct telephone number of an FBI employee;   direct telephone number of a reporter; | x | x | | | | 1 | |
| 243 | E-mail, names and direct telephone numbers of FBI employees; | | x | | | | 1 | |
| 244 | Name, e-mail address, and direct telephone numbers of an FBI employee; | | x | | | | 1 | |
| 245 | Direct telephone number of a reporter; | x | | | | | 1 | |

| Bates Page | Description of Withheld Information | b6 1 | b6 2 | b6 3 | b6 4 | RIF[1] | RIP[2] | WIF[3] |
|---|---|---|---|---|---|---|---|---|
| 246 | Name, e-mail address, and direct telephone number of an FBI employee; | | x | | | | 1 | |
| 247 | Direct telephone numbers and e-mail address of an FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 248 | First e-mail record on page is not responsive to the request; direct telephone number of a reporter withheld in responsive e-mail; | x | | | | | 1 | |
| 249 | Name, direct telephone numbers, and e-mail address of FBI employee; direct telephone numbers of a reporter; | x | x | | | | 1 | |
| 250 | Names, e-mail addresses, and direct telephone numbers of FBI employees; | | x | | | | 1 | |
| 251 | Name, e-mail address of FBI employee; name, e-mail address of a Judiciary Representative; | | x | x | | | 1 | |
| 252 | Name and e-mail address of an FBI employee; direct telephone number of a reporter; | x | x | | | | 1 | |
| 253-259 | Duplicate portions of e-mails located at 130-135 (only the formatting differs); | | | | | | | 7 |
| 260-264 | Duplicates (only formatting differs) to 112-116 | | | | | | | 5 |
| 265 | E-mail addresses of FBI employees, name of one FBI employee, and the direct telephone number of a reporter are withheld.  The e-mail at top of page is not responsive to the request; | x | x | | | | 1 | |
| 266-269 | RIF (4 pages) | | | | | 4 | | |
| 270 | Names and email addresses of FBI employees; | | x | | | | 1 | |
| 271 | Names and email addresses of FBI employees, direct telephone number of a reporter; | x | x | | | | 1 | |
| 272 | Name and email address of FBI employee; | | x | | | | 1 | |
| 273 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 274 | Name and email address of FBI employee; | | x | | | | 1 | |
| 275 | Duplicate to 194; | | | | | | | 1 |
| 276 | Name and email address of FBI employee; | | x | | | | 1 | |
| 277 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 278 | Name of an FBI employee; | | x | | | | 1 | |
| 279 | Various telephone numbers and non-public contact information of a reporter; | x | | | | | 1 | |
| 280 | Duplicate to 141; | | | | | | | 1 |
| 281 | Name and email address of FBI employee; | | x | | | | 1 | |
| 282 | | | x | | | | 1 | |
| 283 | Name of FBI employee;   name of a third party merely mentioned; direct telephone and fax lines of a reporter; | x | x | | | | 1 | |
| 284 | Direct telephone number of a reporter; | x | | | | | 1 | |
| 285 | | x | | | | | 1 | |
| 286-302 | RIF (17 pages) | | | | | 17 | | |
| 303 | Name of an FBI employee; | | x | | | | 1 | |

| Bates Page | Description of Withheld Information | b6 1 | b6 2 | b6 3 | b6 4 | RIF[1] | RIP[2] | WIF[3] |
|---|---|---|---|---|---|---|---|---|
| 304 | Names, initials, and email addresses of FBI employees; direct telephone number of a reporter; | x | x | | | | 1 | |
| 305 | Names, initials, and email addresses of FBI employees; direct telephone number of a reporter; | x | x | | | | 1 | |
| 306 | Names and email addresses of FBI employees; | | x | | | | 1 | |
| 307 | Direct telephone number of a reporter. | x | | | | | 1 | |
| 308 | Names, email addresses, and telephone numbers of FBI employees; telephone number of reporter; | x | x | | | | 1 | |
| 309-310 | Duplicate to 311-312; | | | | | | | 2 |
| 311 | Names, email addresses, and telephone numbers of FBI employees; | | x | | | | 1 | |
| 312 | Names, email addresses, and telephone numbers of FBI employees; telephone number of reporter; | | x | | | | 1 | |
| 313 | Names and email addresses of FBI employees; | | x | | | | 1 | |
| 314 | Telephone numbers and other non-public contact information of a reporter; | x | | | | | 1 | |
| 315 | Names, email addresses, and telephone numbers of FBI employees; | | x | | | | 1 | |
| 316 | Name of an FBI employee and cellular telephone number of a reporter; | x | x | | | | 1 | |
| 317 | Name of an FBI employee; | | x | | | | 1 | |
| 318 | Name and telephone number of an FBI employee; | | x | | | | 1 | |
| 319 | Telephone number of a reporter; | x | | | | | 1 | |
| 320 | Name of an FBI employee; | | x | | | | 1 | |